UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


CLAYTON MACK RHODES,

           Petitioner,

vs.                                   Case No. 2:04-cv-423-FtM-29DNF
                                                 Case No. 2:03-cr-112-FtM-29SPC

UNITED STATES OF AMERICA,

           Respondent.
_____/


**OPINION AND ORDER**

     This matter comes before the Court on a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv.Doc. #1)[1] (the Petition) filed on August 20, 2004. The government filed its Response in Opposition (Cv.Doc. #5) on October 28, 2004.[2]

     On December 30, 2003, Petitioner Clayton Mack Rhodes (Rhodes or petitioner) pled guilty pursuant to a Plea Agreement (Cr.Doc. #21, 24) to Count One an Indictment (Cr.Doc. #1) charging him with possession with intent to distribute five or more grams of cocaine

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket in the civil habeas case as "Cv.Doc.," and will refer to the criminal prosecution as "Cr.Doc."

[2] On November 3, 2004 the Court entered an Order to Show Cause (Doc. #4) because the government had not filed a response. This was entered in error as the response was not docketed until November 9, 2004.

base, crack cocaine. On April 13, 2004, petitioner was sentenced to 188 months imprisonment, five years supervised release, and a $100 special assessment (Cr.Doc. #28, 30). Petitioner did not file a direct appeal.

Plaintiff asserts that he was sentenced in violation of his constitutional rights as outlined in Blakley v. Washington, 542 U.S. 296 (2004). This is now construed as an argument under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Specifically, petitioner asserts that the calculation of his total offense level was based upon enhancements for an amount of cocaine base above twenty grams and possession of a firearm which were not charged in the indictment and which he did not admit, and that his criminal history was calculated utilizing convictions not set forth in the Indictment or admitted by petitioner.

The Eleventh Circuit held "that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S.Ct. 312 (2005)). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Accordingly, the petition must be dismissed.

Alternatively, even if Booker was retroactive, the § 2255 claims would have no merit. Petitioner admitted in his Plea Agreement that all the crack cocaine and the firearm were his (Doc.

-2-

#21, pp. 13-14). In light of such admissions, there is no constitutional error. United States v. Cartwright, 413 F.3d 1295, 1300 (11th Cir. 2005). Additionally, petitioner's prior convictions can be considered without violating his constitutional rights, even after Booker. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

Accordingly, it is now

**ORDERED:**

1. The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv.Doc. #1) is **DISMISSED**, or in the alternative, is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of November, 2005.

JOHN E. STEELE
United States District Judge

Copies:
Clayton Mack Rhodes
Counsel of Record