UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:03-cr-112-FtM-29SPC

CLAYTON MACK RHODES
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Correct or Reduce Sentence (Doc. #37), filed on February 6, 2006. The government has not filed a response, and the time to do so has expired.

Defendant Clayton Mack Rhodes (defendant or Rhodes) seeks an order from this Court compelling the government to file a motion under Fed. R. Crim. P. 35(b) based upon his substantial assistance. In the alternative, defendant asks the Court to "correct" his sentence pursuant to Rule 35(b) despite the absence of a motion by the government. Defendant alleges that he provided information to the government before his sentencing, and some of the individuals he mentioned were indicted after his sentencing. Defendant asserts that the government promised in the Plea Agreement to file a Rule 35(b) motion, but has not done so. Defendant asserts that the Court must correct this breach of the Plea Agreement.

On December 30, 2003, defendant pled guilty pursuant to a Plea Agreement (Doc. #21, 24) to Count One an Indictment (Doc. #1)

charging him with possession with intent to distribute five or more grams of cocaine base, crack cocaine. In the Plea Agreement, defendant agreed to cooperate with the government; if the cooperation was completed after sentencing, the government agreed to "consider whether such cooperation qualifies as 'substantial assistance' . . . warranting the filing of a motion for reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b)." (Doc. #21, p. 4). The Plea Agreement further provided that defendant "understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." (Doc. #21, pp. 4-5). On April 13, 2004, defendant was sentenced to 188 months imprisonment, five years supervised release, and a $100 special assessment (Doc. #28, 30) without a substantial assistance motion having been filed by the government. Defendant did not file a direct appeal.

A federal district court only has the authority to review and remedy the government's refusal to file a substantial assistance motion if the court finds defendant has made an allegation and a substantial showing that the refusal was based on an unconstitutional motive such as religion or race. Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Forney, 9

F.3d 1492, 1501-02 (11th Cir. 1993).  A defendant is not entitled to a remedy, discovery, or even an evidentiary hearing by claiming generally that he provided substantial assistance and by making general allegations of improper motive.  Wade, 504 U.S. at 186.  Here, Rhodes does not allege that the government failed to file a Rule 35(b) motion based on an unconstitutional motive, and has not made any showing of such an unconstitutional motive.  Therefore, the Court lacks the authority to review the government's failure to file a Rule 35(b) motion.

Defendant also asserts that the failure to file a Rule 35(b) motion is a breach of the Plea Agreement.  The Plea Agreement only requires the government "to consider" filing a Rule 35(b) motion, and defendant has not shown that the government failed to consider his cooperation.  See Forney, 9 F.3d at 1499-1500 n. 2.  The decision as to whether to file such a motion was clearly left to the determination of the government, and defendant agreed in the Plea Agreement not to challenge this determination.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Correct or Reduce Sentence (Doc. #37) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA (Casas)
Clayton Mack Rhodes

-4-