UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:03-cr-112-FTM-29SPC

CLAYTON RHODES
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. #41), filed by counsel on December 19, 2008, and defendant's Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. #42) and supporting Memorandum (Doc. #43), filed by counsel on December 24, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, the motions will be denied.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable,

if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

At defendant's original sentencing, the Court determined that defendant qualified as a career offender under U.S.S.G. § 4B1.1 and imposed sentence upon defendant as a career offender. Since defendant was sentenced as a career offender, he is not eligible for a reduction pursuant Amendment 706. United States v. Moore, 541 F.3d 1323 (11th Cir. 2008). There is no other basis for a sentence reduction.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. #41) is **DENIED**.

2. Defendant's Motion to Correct Sentence Pursuant to 18 U.S.C. § 3582(c) (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal